FILED

NOT FOR PUBLICATION

JUN 01 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VLADISLAV ZUBCU,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-70618<br><br>Agency No. A089-302-939<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2015[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[***] Circuit Judges.

Petitioner Vladislav Zubcu (Zubcu), a citizen of Moldova, petitions for

review of a decision of the Board of Immigration Appeals (BIA) dismissing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Zubcu's appeal of the immigration judge's (IJ) denial of asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). Zubcu contends that substantial evidence does not support the BIA's adverse credibility determination because the BIA improperly relied on inconsistencies between Zubcu's first and second asylum applications. Zubcu also maintains that CAT relief is warranted based on his past persecution in Moldova.

Substantial evidence supports the BIA's adverse credibility determination based on irreconcilable discrepancies between Zubcu's first and second asylum applications. *See Singh v. Lynch*, 802 F.3d 972, 975-76 (9th Cir. 2015) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on, among other things, the inherent plausibility of [the petitioner's] account and the consistency of [the petitioner's] statements with other evidence of record (including the reports of the Department of State on country conditions) without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of [the petitioner's] claim.") (citations, one alteration, and internal quotation marks omitted). Zubcu asserted in his first application that he was persecuted due to his political opinion and religion and never mentioned any persecution stemming from his perceived sexual orientation. Zubcu testified that he never informed the asylum officer that he was persecuted

2

based on his sexual orientation and acknowledged that his present persecution claim was different from that in his first asylum application. Zubcu also conceded that he was never a member of a political organization in Moldova. As the BIA correctly concluded, Zubcu never recanted the basis for his first asylum application. These inconsistencies supported the BIA's adverse credibility determination. *See id.*

The BIA did not err in considering Zubcu's first asylum application even though Zubcu limited his testimony to his second application. *See id.* (concluding that the BIA may rely on any documents in the record to support its adverse credibility determination). Although Zubcu maintains that he attempted to shield his personal life from his friend who filled out the first asylum application, the BIA was not required to accept Zubcu's explanation. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (observing that "the record does not compel the finding that the IJ's unwillingness to believe this explanation, in light of the importance of the omitted incidents to his asylum claim, was erroneous") (citation omitted). The BIA properly denied Zubcu's applications for asylum and withholding of removal based on its adverse credibility determination. *See Singh*, 802 F.3d at 977.

Substantial evidence supports the BIA's denial of CAT relief because Zubcu failed to demonstrate that it was "more likely than not" that he would be tortured if

3

he returned to Moldova. *Id.* (citation omitted). Beyond his discredited testimony, Zubcu does not persuasively point to any evidence in the record warranting CAT relief. *See id.* (articulating that "when a petitioner's claims under the CAT are based on the same statements that the BIA determined to be not credible in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims") (citation, alterations, and internal quotation marks omitted).

**PETITION DENIED.**